1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JONATHAN WESLEY GRIGSBY,

11              Plaintiff,                No. CIV S-08-0770 LKK GGH P

12        vs.

13   SUSAN HUBERT, et al.,

14              Defendants.              AMENDED ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $ 2.58 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

                                              1

1   preceding month's income credited to plaintiff's prison trust account.  These payments will be

2   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4           The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17          A complaint must contain more than a "formulaic recitation of the elements of a

18  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19  speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

20  "The pleading must contain something more...than...a statement of facts that merely creates a

21  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

22  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

23  standard, the court must accept as true the allegations of the complaint in question, Hospital

24  Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

25  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

26  McKeithen, 395 U.S. 411, 421 (1969).

1    Plaintiff sues some 15 defendants, primarily seeking to implicate prison officials

2  at California Medical Facility (CMF)- Vacaville, including the warden; an appeals coordinator,

3  D.B. Lewis; Helen Byrd, CMF Program Director; and various medical personnel and correctional

4  counselors at CMF; he also, however, names officials not located at CMF, Chief of Inmate

5  Appeals, N. Grannis (Sacramento); and two appeals coordinators at Salinas Valley State Prison.

6  Complaint, p. 2.

7    The gravamen of his complaint appears to be that he has been kept as a higher

8  level custody inmate without being given points or credits adjusting his custody level to a lower

9  level to which he is entitled.  Cmpl., pp. 4-5.  Referencing his classification and custody level

10  claims, he alleges, without adequate clarity, that his problems started at Pelican Bay State Prison.

11   Id. at 8.  Plaintiff states that he is, at the time of filing, in the Acute Psychiatric Program at CMF,

12  after having slit both wrists at Pelican Bay in August of 2007, for which he received 26 stitches.

13  Id. at 4.  He also contends simultaneously that he has been removed from the acute program at

14  CMF because of having filed a 602 appeal and that he is being (or has been) moved to the mental

15  health department at Salinas Valley State Prison (SVSP).  Id. at 7.

16    Among his claims, plaintiff alleges that Pelican Bay has violated his due process

17  rights with regard to an "RVR threat" based on plaintiff's allegedly having threatened an officer,

18  an RVR that was eventually reduced.  Cmpl., p. 8.  He alleges violations of his constitutional

19  rights by what has occurred in the processing of his appeals and his custody/classification level at

20  CMF and in Sacramento.  Id. at 4-11.  He also alleges that officials at SVSP have failed to

21  conduct a C-file review to investigate his claims regarding errors that have allegedly been made

22  with reference to his custody level/classification.  Id. at 9.   To the extent that the court can

23  discern it, plaintiff appears to be primarily concerned that he is considered a level 4 inmate but

24  believes that his correct custody level is level 3.  Id. at 12-15.  The court notes that plaintiff

25  complains that he has been cautioned to rewrite an appeal and to address only the issue that

26  occurred at CMF, an inmate appeal having been returned because "he expressed too many issues

and issues can't be identified." Id. at 9.  Plaintiff's current filing in this court suffers from a similar deficiency.

In the first place, plaintiff has violated Rule 8 of the Federal Rules of Civil Procedure in his filing.  Fed. R. Civ. P. 8 sets forth general rules of pleading in the Federal Courts.  Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and *on what theory*, with enough detail to guide discovery" (emphasis added)).  A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)).  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179.

The complaint in this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint."  McHenry , 84 F.3d at 1179-80.  Further, in asserting multiple unrelated claims against different defendants, plaintiff presents the kind of "mishmash of a complaint" that has been roundly repudiated.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("[u]nrelated claims against different defendants belong in different suits").

To the extent that plaintiff claims that he has been involuntarily removed from his classification assigned program without having committed any misconduct, or that he has been misclassified at a higher custody level than that to which he believes he should be classified,

plaintiff should be cognizant that a prisoner does not have a constitutional right to a particular classification status. Hernandez v. Johnston, 833 F.2d 1316, (9th Cir. 1987) (quoting Moody v. Daggett, 429 U.S. 78, 88 n. 9,  97 S.Ct. 274, 279 (1976), wherein the Supreme Court, in a footnote, explicitly rejected a claim that "prisoner classification and eligibility for rehabilitative programs in the federal system" invoked due process protections).

To the extent that he alleges that he has been deprived of due process by the manner of the processing of his appeals or a deficiency in addressing his appeals, plaintiff is informed that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment").  Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra.  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1]

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494

1    To the extent that plaintiff intends to frame a claim of retaliation, he is informed

2  that inmates have a right to be free from the filing of false disciplinary charges in retaliation for

3  the exercise of constitutionally protected rights.  Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.

4  1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d

5  527, 532 (9th Cir. 1985).  The Ninth Circuit treats the right to file a prison grievance as a

6  constitutionally protected First Amendment right.  Hines v. Gomez, 108 F.3d 265 (9th Cir.

7  1997); see also Hines v. Gomez, 853 F. Supp. 329 (N.D. Cal. 1994) (finding that the right to

8  utilize a prison grievance procedure is a constitutionally protected right, cited with approval in

9  Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995)); Graham v. Henderson, 89 F.3d 75 (2nd Cir.

10  1996) (retaliation for pursing a grievance violates the right to petition government for redress of

11  grievances as guaranteed by the First and Fourteenth Amendments); Jones v. Coughlin, 45 F.3d

12  677, 679-80 (2nd Cir. 1995) (right not to be subjected to false misconduct charges as retaliation

13  for filing prison grievance); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing

14  disciplinary actionable if done in retaliation for filing inmate grievances); Franco v. Kelly, 854

15  F.2d 584, 589 (2nd Cir. 1988) ("Intentional obstruction of a prisoner's right to seek redress of

16  grievances is precisely the sort of oppression that section 1983 is intended to remedy" (alterations

17  and citation omitted)); Cale v. Johnson, 861 F.2d 943 (6th Cir. 1988) (false disciplinary filed in

18  retaliation for complaint about food actionable).

19    In order to state a retaliation claim, a plaintiff must plead facts which suggest that

20  retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor

21  behind the defendant's conduct.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th

22  Cir. 1989).  The plaintiff must also plead facts which suggest an absence of legitimate

23  correctional goals for the conduct he contends was retaliatory.  Pratt at 806 (citing Rizzo at 532).

24

25  U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic
    drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the
26  ordinary incidents of prison life." Sandin v. Conner, supra.

1   Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d

2   136, 139 (9th Cir. 1987).  However, even threats of bodily injury are insufficient to state a claim,

3   because a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810

4   F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical retaliation will not suffice, a

5   prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's

6   constitutional rights."  Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

7            This is not to say that a vexatious grievance filer can never be punished.

8   Vexatious litigants may be the subject of court discipline, and the undersigned would find it

9   incongruous that while the courts can punish vexatious filings, prison officials may not.  Indeed,

10  the right to petition for grievances is not absolutely protected; such a right has no greater

11  protection than speech in general.  Rendish v. City of Tacoma, 123 F.3d 1216 (9th Cir. 1997).  In

12  the prison context, one's free speech rights are more constricted from what they would be on the

13  outside.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 107 S. Ct. 2400 (1987).  Again, plaintiff

14  must show that the actions or omissions constituting the "retaliation" served no legitimate

15  penological goal.

16           Plaintiff's complaint will be dismissed for the reasons set forth above, but plaintiff

17  will be granted leave to amend.  If plaintiff chooses to amend the complaint, plaintiff must

18  demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's

19  constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint

20  must allege in specific terms how each named defendant is involved.  There can be no liability

21  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

22  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

23  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

24  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

25  violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Motion for TRO/Preliminary Injunctive Relief

TRO

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  It is apparent, however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

Preliminary Injunction Standard

The legal principles applicable to a request for preliminary injunctive relief are well established.  "The traditional equitable criteria for granting preliminary injunctive relief are: 1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)."  Dollar Rent A Car v. Travelers Indem.

Co., 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria are traditionally treated as alternative

tests.  "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates

'either a combination of probable success on the merits and the possibility of irreparable injury or

that serious questions are raised and the balance of hardships tips sharply in his favor.'"  Martin

v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis &

Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)).  The Ninth

Circuit has reiterated that under either formulation of the principles, if the probability of success

on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the
> alternative test, even if the balance of hardships tips decidedly in
> favor of the moving party, it must be shown as an irreducible
> minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting

Martin, 740 F.2d at 675).

Ϊ   In cases brought by prisoners involving conditions of confinement, any

preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

harm the court finds requires preliminary relief, and be the least intrusive means necessary to

correct the harm."  18 U.S.C. § 3626(a)(2).

Ϊ   Plaintiff seeks a TRO/preliminary injunction to enjoin prison officials from

sending him back to Pelican Bay based on his fear for his life due to retaliation for his having

uncovered a "conspiracy" arising from their awareness of "errors as early as May 31, 2005."

Motion, p. 1.  Plaintiff reiterates the allegations of his complaint, stating that errors have been

made in the classification of his custody level.  Id. at 2-4.  Plaintiff claims it was the failure of

Pelican Bay authorities to rectify the errors in calculating his points/classification score that led

to his despair and a suicide attempt and that now Pelican Bay has requested his return.  Id. at 4.

Plaintiff presents no evidence that Pelican Bay has sought his return beyond his own speculation.

Nor is there adequate evidence to support any conspiracy theory.  Speculative injury does not

1  constitute irreparable harm.  See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674

2  (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).

3          In this case, plaintiff's complaint has been dismissed with leave to amend upon

4  the court's screening herein.

5          A preliminary injunction is an extraordinary and drastic remedy
           and will not be granted absent a clear showing of likely success in
6          the underlying claim and possible irreparable injury.  See Mazurek
           v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam ). A party
7          seeking preliminary injunctive relief "must necessarily establish a
           relationship between the injury claimed in the party's motion and
8          the conduct asserted in the complaint."  Devose v. Herrington, 42
           F.3d 470, 471 (8th Cir.1994) (per curiam ) (Eighth Amendment
9          claim cannot provide basis for preliminary injunction against
           alleged acts in retaliation for filing claim).  In other words, plaintiff
10         must seek injunctive relief related to the merits of his underlying
           claim.  Because there presently is no complaint pending in this
11         action, plaintiff's request is not properly before the court at this
           time.  Indeed, even if plaintiff's motion justified injunctive relief,
12         there are presently no defendants against which the relief could be
           granted.

13  Calvillo v. Schririo, 2007 WL 704172 *1 (D. Ariz. 2007)

14

15          With no colorable claims pending, the court cannot can make any evaluation as to

16  the likelihood of success on the merits.  Moreover, plaintiff does not demonstrate in his present

17  motion "a significant threat of irreparable injury."  "Under any formulation of the test, plaintiff

18  must demonstrate that there exists a significant threat of irreparable injury."  Oakland Tribune,

19  Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  A presently existing actual

20  threat must be shown, although the injury need not be certain to occur.  See Zenith Radio Corp.

21  v. Hazeltine Research, Inc., 395 U.S. 100, 130-31, 89 S. Ct. 1562 (1969); FDIC v. Garner, 125

22  F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs.

23  Co., 844 F.2d at 674.  While plaintiff's apparent past suicide attempt at Pelican Bay warrants

24  concern as to plaintiff's mental stability, it is not enough for the court on the basis of plaintiff's

25  bare allegations to enjoin his transfer to the prison, even had he made a showing that such a

26  transfer was imminent.  However, the court will alert the state Attorney General's Office so that

1    plaintiff's present mental condition can be ascertained/monitored.

2         Accordingly, the court will vacate the inadequately supported preliminary

3    injunction motion without prejudice to plaintiff's renewal once an amended complaint has been

4    filed and once he provides adequate support for any such motion.

5         In accordance with the above, IT IS HEREBY ORDERED that:

6         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

7         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

8    Plaintiff is assessed an **initial partial filing fee of $ 2.58.**  All fees shall be collected and paid in

9    accordance with this court's order to the Director of the California Department of Corrections

10   and Rehabilitation filed concurrently herewith.

11        3.  The complaint is dismissed for the reasons discussed above, with leave to file

12   an amended complaint within thirty days from the date of service of this order.  Failure to file an

13   amended complaint will result in a recommendation that the action be dismissed.

14        4.  The motion for a TRO/preliminary injunctive relief, filed on April 28, 2008 (#

15   5), is vacated without prejudice to the filing of an adequately supported motion upon the filing of

16   an amended complaint.

17        5.  The Attorney General must take any steps necessary to communicate with

18   prison staff to ascertain plaintiff's mental stability in light of his past alleged suicide attempt;

19        6.  The Clerk of the Court is directed to serve a copy of this order on Jennifer

20   Neill, Supervising Deputy Attorney General.

21   DATED:  05/07/08

22                                   /s/ Gregory G. Hollows

                                     _____
23                                   GREGORY G. HOLLOWS
                                     UNITED STATES MAGISTRATE JUDGE

24

25   GGH:009
     grig0770.b+am
26