THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN WESLEY GRIGSBY, | ) | CIVIL NO. 2:08-0770 JMS |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING AMENDED |
| | ) | COMPLAINT WITH LEAVE TO |
| vs. | ) | AMEND TO STATE A FIRST |
| | ) | AMENDMENT RETALIATION |
| SUSAN HUBERT, et al., | ) | CLAIM |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND TO STATE A FIRST AMENDMENT RETALIATION CLAIM

On May 7, 2008, United States Magistrate Judge Gregory G. Hollows dismissed pro se prisoner Plaintiff Jonathan Wesley Grigsby's ("Plaintiff") Complaint for failure to satisfy Federal Rule of Civil Procedure 8. On May 27, 2008, Plaintiff filed an Amended Complaint, and on January 5, 2009, this action was reassigned to the undersigned. Based on the following, the court DISMISSES Plaintiff's Amended Complaint with leave to amend to state a First Amendment retaliation claim.

## I.  BACKGROUND

The Amended Complaint names 17 Defendants in their individual and official capacities, including ombudsmen, counselors and medical personnel at

California Medical Facility ("CMF") - Vacaville, and ombudsmen and appeals coordinators at Salinas Valley Prison.  Am. Compl. ¶¶ 99-115.

While not entirely clear, the Amended Complaint appears to allege violations of Plaintiff's constitutional rights based on the assertion that Plaintiff has been incorrectly categorized as a custody level IV inmate instead as a custody level III inmate, *see id*. ¶¶ 7-8, 25, and that Defendants have committed various wrongs when Plaintiff has brought this problem to their attention.  To the extent the court can understand the Amended Complaint, Plaintiff alleges that various Defendants have: (1) ignored his requests to properly calculate his custody level even though they were aware of the mistake, *id*. ¶¶ 5, 9, 12, 21-23, 26, 41-42, 62-64; (2) denied him access to documents used to calculate his custody level, *id*. ¶¶ 10-13, 39; (3) fabricated and concealed documents regarding the custody level calculation, *id*. ¶¶ 15, 20, 69-72; and (4) determined his custody level without the benefit of documents.  *Id.* ¶ 35.  The Amended Complaint also suggests that Plaintiff was transferred from CMF - Vacaville to the psychiatric program at Salinas Valley Prison in retaliation for filing grievances.  *Id.* ¶¶ 27-29, 47.

## II.  <u>STANDARD OF REVIEW</u>

As Plaintiff is aware from the May 7, 2008 Order, the court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity.  28

U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if a

plaintiff has raised claims that are legally frivolous or malicious, that fail to state a

claim upon which relief may be granted, or that seek monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in

law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*,

745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim

as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The critical

inquiry is whether a constitutional claim, however inartfully pleaded, has an

arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th

Cir. 1989); *Franklin*, 745 F.2d at 1227.

The court must construe pro se pleadings liberally and afford the pro

se litigant the benefit of any doubt.  *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th

Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se

litigant is entitled to notice of the complaint's deficiencies and an opportunity to

amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248

3

(9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*).

## III.  <u>DISCUSSION</u>

### A.  **Failure to State a Claim and Violation of Federal Rule of Civil Procedure 8**

While not entirely clear, Plaintiff appears to make three general allegations: (1) Defendants incorrectly calculated his custody level; (2) Defendants mishandled his grievances regarding his custody level; and (3) Defendants retaliated against Plaintiff for making grievances by moving him from CMF-Vacaville to Salinas Valley Prison.  Based on the following, the court dismisses without leave to amend Plaintiff's claims based on calculation of his custody level and mishandling his grievances.  The court also dismisses with leave to amend Plaintiff's retaliation claim for failure to comply with Rule 8.

#### 1.  *Incorrect Calculation of Custody Level*

From what the court can discern, the Amended Complaint appears to allege that Defendants violated Plaintiff's liberty interests when they miscalculated Plaintiff as a custody level IV inmate instead of a custody level III inmate.

In the prison setting, a liberty interest is "generally limited to freedom of restraint, which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citations omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Determining whether a hardship is "atypical and significant" depends on: (1) the conditions of confinement; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the sanction will affect the duration of the prisoner's sentence. *Id.* at 861; *Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996).

Plaintiff's alleged misclassification does not present an "atypical and significant" hardship as a matter of law. A prisoner has no right to any particular classification status. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987). Further, Plaintiff has made no allegations that conditions as a level IV inmate differ significantly from those of a level III inmate, or that being classified as a level IV inmate will affect Plaintiff's sentence. *See Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (holding that inmate was not deprived of a liberty interest where he was

5

placed at a higher security level than indicated by calculation under controlling prison regulations).

Plaintiff included these same basic allegations in his Complaint, and the May 7 Order specifically explained that Plaintiff cannot state a claim based on his classification status.  *See* May 7 Order at 4-5.  Because Plaintiff was already given one opportunity to amend his allegations to state a claim based on these facts and the law would not support such claim, the court finds that any further amendment of these claims would be futile.  The court therefore DISMISSES WITHOUT LEAVE TO AMEND Plaintiff's claims to the extent based on any misclassification of his custody level.

### 2.    *Mishandling of Plaintiff's Grievances*

The Amended Complaint alleges that Defendants mishandled his grievances regarding his custody level by ignoring his grievances, denying him access to documents used to calculate his custody level, and fabricating documents regarding the custody level calculation.

Plaintiff's claims, to the extent based on any mishandling of his grievances, are not cognizable in a § 1983 action because there is no constitutional right to a prison administrative appeal or grievance system for California inmates. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (stating that inmates have

6

"no legitimate claim of entitlement to a grievance procedure"); *see also Ramirez*, 334 F.3d at 860 (finding no liberty interest in processing of appeals because there is no entitlement to a specific grievance procedure); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("'[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.'").  The Amended Complaint cites California Code of Regulations Title 15 §§ 3084.1 and 3084.6, as showing a violation of Plaintiff's due process rights on the basis that these provisions set forth a right to appeal (§ 3084.1) and time limits for a response to an appeal (§ 3084.6).  *See* Am. Compl. ¶¶ 48, 60.  These provisions, however, grant prisoners a procedural right only.  Provisions that set forth only procedural requirements cannot form the basis of a protected interest.  *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Buckley*, 997 F.2d at 495 ("The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension." (citation and quotation signals omitted)); *Knight v. Evans*, 2008 WL 5225863, at *7 (N.D. Cal. Dec. 12, 2008) (stating that California Code of Regulations, Title 15 § 3084 et seq. does not create a cognizable liberty interest).

In sum, Plaintiff cannot state a claim based on Defendants' alleged actions of ignoring his grievances, denying him access to documents used to

calculate his custody level, and fabricating documents regarding the custody level calculation.  Plaintiff included many of these same basic allegations in his Complaint, and the May 7 Order specifically explained that Plaintiff cannot state a claim based on Defendants' failures in processing his grievances.  *See* May 7 Order at 5.  Because Plaintiff was already given one opportunity to amend his allegations to state a claim based on these facts and the law would not support such claim, the court finds that any further amendment of these claims would be futile.  The court therefore DISMISSES  WITHOUT LEAVE TO AMEND Plaintiff's claims to the extent based on Defendants' mishandling of his grievances.

### 3.      *Retaliation for Filing Grievances*

The Amended Complaint appears to allege that Defendants retaliated against him for filing grievances by transferring him from CMF - Vacaville to Salinas Valley Prison.

Generally, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  *See Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

>Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  An adverse action is one that "would chill a person of ordinary firmness" from engaging in that activity.  *Pinard v. Clatskanie Sch. Dist.*, 467 F.3d 755, 770 (9th Cir. 2006).

The Amended Complaint alleges that Defendant "CCI Miranda" and "Mr. Voong CCII"[1] transferred Plaintiff from CMF Vacaville to Salinas Valley Prison in retaliation for Plaintiff's requests for them to investigate the errors in his custody level calculation.  *See* Am. Compl. ¶ 47.  Generally, an allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under § 1983.  *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).  In this instance, however, the Amended Complaint is written in such a confusing fashion that the court cannot determine whether all the elements for this claim are present or even the precise allegations that support such claim.

---

[1]  "Mr. Voong CCII" is not listed in the Amended Complaint under "Defendants," *see* Am. Compl. ¶¶ 99-115, but is listed in the caption.

The court may dismiss a complaint for failure to comply with Federal Rule of Civil Procedure 8's mandate that the complaint include a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) ("Dismissal for failure to meet the standards in Rule 8(e) is appropriate only in limited circumstances where a complaint proves patently verbose, confusing, and rambling."). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

The Amended Complaint (and therefore, Plaintiff's claim for retaliation) fails to meet the requirements of Rule 8. The Amended Complaint is not organized by Defendant and claim but rather provides a long, confusing narrative of Plaintiff's attempts to correct his custody level. Plaintiff's allegations jump back and forth in time and location, making it difficult to discern a basic timeline of events and the scope of Plaintiff's retaliation claim, including whether

10

this claim is limited to Defendants Miranda and Voong.  Further, paragraphs regarding each Defendant are scattered throughout the Amended Complaint, presenting a scavenger hunt of allegations from which the court and Defendants would have to piece together to determine the claims asserted against each Defendant.  Rule 8 is precisely directed to preventing such burden.  Accordingly, the court DISMISSES Plaintiff's retaliation claim WITH LEAVE TO AMEND.

## B.    Leave to Amend

For the foregoing reasons, Plaintiff's Amended Complaint is dismissed for failure to state a claim on which relief may be granted and for failure to comply with Federal Rule of Civil Procedure 8.  By March 20, 2009, Plaintiff may submit a second amended complaint alleging a First Amendment retaliation claim.  Plaintiff may not, however, attempt to state claims against any Defendant based on Plaintiff's incorrect classification status or the alleged mishandling of his grievances.  If Plaintiff chooses to file a second amended complaint alleging a retaliation claim, Plaintiff must, for each Defendant, explain exactly how that particular Defendant retaliated against Plaintiff for his filing grievances.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim.

The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the court may strike the second amended complaint and dismiss this action without further notice.  Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the Complaint or Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the court will treat the original Complaint and Amended Complaint as nonexistent.  *Ferdik*, 963, F.2d at 1262.  Any cause of action that was raised in the original Complaint or Amended Complaint is waived if it is not raised in an second amended complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

///

///

///

12

### C.      Warnings

#### 1.      *Address Changes*

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Eastern District of California's Local Rules of Civil Procedure ("Local Rules"). Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

#### 2.      *Copies*

Plaintiff must submit an additional copy of every filing for use by the court.  *See* Local Rule 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

#### 3.      *Possible "Strike"*

Because the Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an second amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### 4.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the court may dismiss this action without further notice. *See Ferdik*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (stating that a district court may dismiss an action for failure to comply with any order of the Court).

## IV.  <u>CONCLUSION</u>

Based on the above, the court DISMISSES the Amended Complaint with leave to Amend.  The court further ORDERS as follows:

1.   The Amended Complaint (Doc. No. 9) is dismissed for failure to state a claim and failure to comply with Federal Rule of Civil Procedure 8. Plaintiff has until March 20, 2009 to file a second amended complaint in compliance with this Order.  Specifically, Plaintiff is granted leave to file a second amended complaint alleging a First Amendment retaliation claim.

2.   If Plaintiff fails to file a second amended complaint by March 20, 2009, the Clerk of Court must, without further notice, enter a

judgment of dismissal of this action with prejudice that states that the

dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

3.      The Clerk of Court must include with this Order a copy of the form

for filing a civil rights complaint by a prisoner.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 17, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Grigsby v. Hubert et al.*, Civ. No.  2:08-00770 JMS, Order Dismissing Amended Complaint with Leave to Amend to State a First Amendment Retaliation Claim