THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WESLEY GRIGSBY, ) | CIVIL NO. 2:08-0770 JMS |
| ) | |
| Plaintiff, ) | ORDER GRANTING IN PART AND |
| ) | DENYING IN PART PLAINTIFF'S |
| vs. ) | "EMERGENCY MOTION" |
| ) | |
| SUSAN HUBERT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S "EMERGENCY MOTION"**

On May 27, 2008, Plaintiff filed an Amended Complaint naming 17 Defendants in their individual and official capacities who are employed at either California Medical Facility ("CMF") - Vacaville or Salinas Valley Prison. While not clear whatsoever, the Amended Complaint appears to allege violations of Plaintiff's constitutional rights based on the assertion that Defendants incorrectly categorized Plaintiff as a custody level IV inmate instead as a custody level III inmate, ignored his requests to properly calculate his custody level even though they were aware of the mistake, denied him access to documents used to calculate his custody level, fabricated and concealed documents regarding the custody level calculation, determined his custody level without the benefit of documents, and

transferred Plaintiff from CMF - Vacaville to the psychiatric program at Salinas Valley Prison in retaliation for filing grievances.

On February 18, 2009, the court dismissed Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted and failure comply with Federal Rule of Civil Procedure 8. The court explained that as a matter of law, Plaintiff cannot state a claim based on the calculation of his custody level or the alleged mishandling of his grievances. The court therefore dismissed these claims without leave to amend, but did grant Plaintiff leave to file a second amended complaint alleging a First Amendment retaliation claim.

Currently before the court is Plaintiff's March 13, 2009 "Emergency Motion," which asks the court to reconsider its February 18, 2009 Order and grant Plaintiff an extension of time to file his second amended complaint. Based on the following, the court finds that its February 18, 2009 Order was correct and that Plaintiff may have a 30-day extension to file a second amended complaint.

First, Plaintiff asserts that the court should have granted him leave to amend his claims because he is "entitled to notice of the complaint deficiencies and an opportunity to amend prior to dismissal of action or dismiss key elements of my complaint . . . ." Pl.'s Mot. ¶ 2. The court rejects Plaintiff's argument for several reasons. Plaintiff ignores that he was already given one opportunity to amend his

original Complaint to state claims upon which relief may be granted.  Specifically, on May 7, 2008, United States Magistrate Judge Gregory G. Hollows dismissed Plaintiff's Complaint for failure to satisfy Rule 8 and explained that Plaintiff cannot state a claim based on the calculation of his custody level or the mishandling of Plaintiff's grievances.  Further, Plaintiff offers no reason why the February 18, 2009 Order erred in finding that amendment of Plaintiff's claims would be futile.  As explained in the February 18 Order, Plaintiff does not have a liberty interest to a particular custody level or the right to a prison grievance system.  Accordingly, in this case it was "absolutely clear that no amendment can cure the defects" of Plaintiff's claims based on his custody level or handling of his grievances.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  To be clear, however, the February 18 Order did grant Plaintiff leave to file a second amended complaint alleging a First Amendment retaliation claim and Plaintiff may still file a second amended complaint to allege such claim.

Second, Plaintiff asserts that he should be permitted to amend the dismissed claims because he forgot to allege that he has "been in administrative segregation/secure housing unit SHU since July 10, 2005 causing liberty interest and deprivation causation 14th amendment violation the reason for my complaint."  Pl.'s Mot. ¶¶ 4-5.  These claims, even if accepted, could not cure Plaintiff's

original claims concerning his classification status. Further, if Plaintiff believes that his liberty interests were violated for the time he is in secure housing, then Plaintiff may file a separate complaint. Plaintiff may not, however, amend his Amended Complaint to include claims that he failed to previously assert.

Third, while not entirely clear, Plaintiff appears to argue that the court erred by not considering exhibits attached to the Amended Complaint. Pl.'s Mot. ¶ 10. The court has no duty to intuit Plaintiff's claims based on exhibits attached to a complaint; rather, Plaintiff must include relevant facts in his complaint. In any event, exhibits would provide no assistance in furthering Plaintiff's allegations because Plaintiff cannot state a claim based on his custody level or Defendant's handling of Plaintiff's grievances. In sum, the court rejects that it erred in dismissing Plaintiff's claims based on his custody level and grievances without leave to amend.[1]

Finally, Plaintiff requests a 30-day extension to file a second amended complaint. The court GRANTS Plaintiff's request; Plaintiff may file a Second Amended Complaint by April 20, 2009 to allege a First Amendment Retaliation claim. If Plaintiff fails to file a second amended complaint by April 20,

---

[1] Plaintiff also points out that the February 18, 2009 Order stated incorrectly that "Mr. Voong CCII" is not listed in the Amended Complaint under "Defendants." The court recognizes this error; however, it does not affect the court's analysis or conclusion that Plaintiff cannot state a claim based on his custody level and/or grievances.

2009, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, March 13, 2009.



        /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge

*Grigsby v. Hubert et al.*, Civ. No. 2:08-00770 JMS, ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S "EMERGENCY MOTION"